IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOMMY MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 04-216-SLR |
| ) | |
| WARDEN WILLIAMS and ) | |
| MICHELE SALTER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Tommy McCray is a pro se litigant who filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1, 2) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**III. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether plaintiff is eligible for pauper status. On May 4, 2004, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 4)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).¹  If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review.  See <u>Neal v. Pennsylvania Bd. of Probation and Parole</u>, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A).  Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97,

---

¹ These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2] As discussed below, plaintiff's claims have no arguable basis in law or fact. Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

IV. DISCUSSION

    A. Complaint

Plaintiff is an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. (D.I. 2) While an inmate at HRYCI, plaintiff participated in New Vision, a "therapeutic community." (<u>Id.</u>) According to plaintiff's complaint, an inmate who was supervising plaintiff's participation in the New Vision program reported plaintiff for non-compliance. (<u>Id.</u>) As a result, plaintiff was sanctioned and sent to the "whole" for eleven days.[3] (<u>Id.</u>) Plaintiff claims

---

[2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. <u>See</u> Prisoner Litigation Reform Act of 1995, Pub. L. No. 14-134, § 804, 110 Stat. 1321 (April 26, 1996).

[3] Based on plaintiff's complaint it appears that the "whole", which plaintiff also refers to as I.E., is some form of confinement that is more restrictive than "community status".

that he complied with all of New Vision's requirements. (Id.) He seeks $10,000 dollars for every day he was in the "whole" and reinstatement of his community status. (Id.)

**B.  Analysis**

Plaintiff filed this pro se lawsuit under 42 U.S.C. § 1983, alleging that the sanctions he received and his confinement in the "whole" amounted to cruel and unusual punishment. (D.I. 2) Dismissal of this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) is appropriate because plaintiff has failed to state a claim under 42 U.S.C. § 1983. In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived plaintiff of his constitutional rights. West v. Atkins, 487 U.S. 42, 48 (1988).

To establish a violation of the Eighth Amendment by a prison official, plaintiff "must meet two requirements: (1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'" Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (citing and applying Farmer v. Brennan, 511 U.S. 825 (1994) to a § 1983 claim). "To prove a violation of the Eighth Amendment, an inmate must show that he has been deprived of 'the minimal civilized measure of life's necessities.'" Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (citing Young v.

---

(D.I. 2)

Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)).  Placement in the "whole" is not objectively, sufficiently serious to constitute a violation of the Eighth Amendment.  Furthermore, plaintiff's complaint does not allege that his confinement in the "whole" deprived him of the minimal civilized measure of life's necessities.  Id. (dismissing a prisoner's Eight Amendment claim because the prisoner failed to establish that his solitary confinement denied basic human needs).  Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

V.   CONCLUSION

At Wilmington this 27th day of April, 2005 for the reasons set forth above;

IT IS ORDERED that plaintiff's complaint (D.I. 2) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

                                       _/s/ Sue L. Robinson_
                                       United States District Judge